IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Indigo Ocean Rose Kraim Wilson, | ) | C/A No. 3:20-2912-MGL-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER REGARDING** |
| | ) | **AMENDMENT OF COMPLAINT** |
| City of Columbia Police Department; The | ) | |
| State; Mayor Steven Benjamin; Richland | ) | |
| Springs; Richland County Sheriff Dept., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The plaintiff, Indigo Ocean Rose Kraim Wilson, proceeding *pro se*, brings this civil rights action. The Complaint has been filed pursuant to 28 U.S.C. § 1915. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court finds this action is subject to summary dismissal if Plaintiff does not amend the Complaint to cure the deficiencies identified herein.

## I.     Factual and Procedural Background

Initially, the court notes Plaintiff filed this action on a standard complaint form for *pro se* civil complaints, but it is difficult to read due to Plaintiff's poor handwriting and incomplete sentences. Plaintiff indicates the court has jurisdiction in this matter based on various civil rights violations such as "illegal wiretap," "police misconduct," "false imprisonment." (Compl., ECF No. 1 at 3.) In the section of the Complaint titled "Statement of Claim," Plaintiff writes "not making arrest when others commit crimes against me . . . slander and defamation, medical malpractice never took an AIDS/STD test here Richland Medical Springs." (Id. at 5.) It is not clear what relief Plaintiff seeks, but she seems to indicate that she seeks monetary damages. (Id.)

## II.  Discussion

### A.  Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint.  The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  This statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

To state a claim upon which relief can be granted, the plaintiff must do more than make mere conclusory statements.  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face.  Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570.  The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions.  Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016).  Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

B.    Analysis

The Complaint is unclear about what claims Plaintiff raises, but in accordance with the court's duty to liberally construe *pro se* complaints, the court construes it as asserting a cause of action pursuant to 42 U.S.C. § 1983 for various civil rights violations.  A legal action under 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief."  City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

But here, Plaintiff fails to allege any facts about the named defendants that would show that they had any involvement in the purported constitutional violations that Plaintiff alleges in the Complaint.  See Iqbal, 556 U.S. at 676 (providing that a plaintiff in a § 1983 action must plead that the defendant, through his own individual actions, violated the Constitution); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985) ("In order for an individual to be liable under § 1983, it must be 'affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights.  The doctrine of *respondeat superior* has no application under this section.' ") (quoting Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977)).  Because Plaintiff does not explain how the named defendants were involved in the purported violation of Plaintiff's rights, Plaintiff fails to meet the federal pleading standards.  See Fed. R. Civ. P. 8 (requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); Iqbal, 556 U.S. at 678 (stating Federal Rule of Civil Procedure 8 does not require detailed factual allegations, but it requires more than a plain accusation that the defendant unlawfully harmed the plaintiff, devoid of factual support).

Furthermore, Plaintiff is warned that the Complaint must be typed or written and must be legible.  That is, the court must be able to read Plaintiff's handwriting and the allegations must be written in complete sentences.  Illegible words or allegations will not be considered by the court. See generally Turner v. Polo Towers Master Owners Assoc., Inc., Case No. 2:17-cv-02042-APG-CWH, 2018 WL 1321427, *2 (D. Nev. Mar. 14, 2018) (providing that illegible allegations do not comply with federal pleading standards and thus may be dismissed) (citing Shuster v. Oppelman, 962 F. Supp. 394, 396 (S.D.N.Y. 1997)).

Consequently, Plaintiff's Complaint is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.  Plaintiff is hereby granted **twenty-one (21) days** from the date this order is entered (plus three days for mail time) to file an **amended complaint** pursuant to Federal Rule of Civil Procedure 15(a) that corrects the deficiencies identified above.[3]  If Plaintiff fails to file an amended complaint that corrects those deficiencies, this action will be recommended for summary dismissal pursuant to 28 U.S.C. § 1915.

**IT IS SO ORDERED**.

October 1, 2020                                     Paige J. Gossett
Columbia, South Carolina                    UNITED STATES MAGISTRATE JUDGE

*Plaintiff's attention is directed to the important WARNING on the following page.*

---

[3] Any amended complaint filed by Plaintiff is also subject to further initial review by the court pursuant to 28 U.S.C. § 1915.  Further, Plaintiff is reminded that an amended complaint replaces the original complaint and should be complete in itself.  See Young v. City of Mount Ranier, 238 F .3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted); see also 6 Charles Alan Wright et al., Federal Practice and Procedure § 1476 (3d ed. 2017) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified.  Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . .").

# IMPORTANT INFORMATION . . . PLEASE READ CAREFULLY

## WARNING TO PRO SE PARTY OR NONPARTY FILERS

ALL DOCUMENTS THAT YOU FILE WITH THE COURT WILL BE AVAILABLE TO THE PUBLIC ON THE INTERNET THROUGH PACER (PUBLIC ACCESS TO COURT ELECTRONIC RECORDS) AND THE COURT'S ELECTRONIC CASE FILING SYSTEM. **CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN, OR SHOULD BE REMOVED FROM, ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to ***ALL*** documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

**(a) Social Security and Taxpayer identification numbers.** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
**(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
**(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
**(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information – such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d) (filings made under seal) and (e) (protective orders).